IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mack James Paul, Jr., | ) | C/A No. 3:13-2864-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| John Melton, *Sumter Police Dept's Employee* | ) | |
| *and Investigating Officer in his Individual and* | ) | |
| *Official Capacity*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Mack James Paul, Jr. ("Paul"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The defendant filed a motion for summary judgment on April 24, 2014, pursuant to the Federal Rules of Civil Procedure. (ECF Nos. 31 & 35.) As the plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on April 24, 2014, advising the Paul of the importance of a motion for summary judgment and of the need for him to file an adequate response. (ECF No. 32.) Paul was specifically advised that if he failed to respond adequately, the defendant's motion may be granted, thereby ending his case.

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Paul failed to respond to the motion. As Paul is proceeding *pro se*, the court filed a second order on June 4, 2014, advising Paul that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving Paul an additional fourteen (14) days in which to file his response to the defendant's motion for summary judgment. (ECF No. 36.) Paul was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice

PJG

for failure to prosecute.  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).  In response to the court's order, Paul filed a motion for appointment of counsel.  (ECF No. 38.)

There is no right to appointed counsel in § 1983 cases.  Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  The court may use its discretion to request counsel to represent an indigent in a civil action.  See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).  However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Paul requests appointment of counsel due to his behavioral and mental health condition and alleges that he is "unable to perform the duties needed for successful completion of [his] claim." (ECF No. 38 at 2.)  Paul also alleges that he takes various medications.  He attaches medical records to his motion which detail an approximately four-day hospitalization due to suicidal ideation with a diagnosis of recurrent depression and cocaine abuse.  Upon review of the file, Paul's filings thus far demonstrate a capacity to present his claims.  Further, although Paul's attachments appear to demonstrate a diagnosis of depression, Paul has presented no evidence supporting a finding that any mental health issues or medication would interfere with his ability to prosecute his claims. Accordingly, Paul has shown no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel or that he would be denied due process if an attorney were

PJG

not appointed.  Id.  Therefore, Paul's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied.

It is hereby

**ORDERED** that the plaintiff shall advise the court as to whether he wishes to continue with this case and to file a response to the defendant's motion for summary judgment within fourteen (14) days from the date of this order.  Plaintiff is further advised that if he fails to respond, **this action may be recommended for dismissal with prejudice for failure to prosecute.**  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 7, 2014
Columbia, South Carolina