IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mack James Paul, Jr., | C/A No. 3:13-2864-TLW-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| John Melton, *Sumter Police Department's Employee and Investigating Officer in his individual and official capacity*, | |
| Defendant. | |

    Plaintiff Mack James Paul, Jr., a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights by the defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Paul was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 32.) Paul filed a response in opposition. (ECF No. 44.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

**BACKGROUND**

    The following facts are either undisputed or taken in the light most favorable to Paul, to the extent they find support in the record. (See generally Compl., ECF No. 1.) Paul alleges that he and another individual—Harry Dais—were detained by law enforcement officers on October 27, 2010 for shoplifting and attempting to sell stolen goods. Paul was initially charged with shoplifting, as

Dais implicated Paul in the theft; however, surveillance video later revealed that Dais was the individual who had stolen the items from the Walmart store, and the shoplifting charge against Paul was dropped. Instead, the following day, a warrant was issued for Paul for Receiving Stolen Goods, which was charged under the Enhancement Statute[1] because of Paul's prior property convictions. Paul was arrested pursuant to the warrant and transported to the Sumter Lee Regional Detention Center. Paul alleges that his charge was "terminated in [his] favor" on January 17, 2013.

Paul raises claims of false arrest/imprisonment and malicious prosecution under the Fourth Amendment against the sole defendant—John Melton—a detective with the Sumter Police Department. Paul also raises a Fourteenth Amendment claim of deliberate indifference to his health/safety against Defendant Melton for injuries he sustained while housed at the Sumter Lee Regional Detention Center, as well as state law claims of intentional infliction of emotional distress, negligence, and slander/defamation. Paul seeks monetary damages.

### DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[1] This statute raises a misdemeanor property crime to a Class E felony if the offender has two or more prior property crime convictions. See S.C. Code Ann. § 16-1-57.


judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Fourth Amendment Claim**

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest/imprisonment or malicious prosecution, a plaintiff must show that the seizure was effected without probable cause. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014); Brown v.



Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest or malicious prosecution unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). To demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). To demonstrate a "reckless disregard," a plaintiff must show, in light of all of the evidence, that an officer had "serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id. With regard to alleged omissions from an affidavit, a plaintiff must establish that the officer failed to inform the magistrate of facts that the officer knew would negate a finding of probable cause. Id. However, allegations of negligence or honest mistake are insufficient. Id. at 627-28. Additionally, "the false statements or omissions must be material, that is, necessary to the neutral and disinterested magistrate's finding of probable cause." Id. at 628 (internal citations and quotation marks omitted). Notably, "[o]btaining an arrest warrant does not provide per se evidence" that the warrant was proper or that the officer was objectively reasonable in believing it so. Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991).

Here, Paul does not appear to dispute that he was arrested pursuant to a warrant, a copy of which is provided by the defendant (see ECF No. 31-4 at 13), nor does he appear to challenge the validity of the warrant.  Instead, Paul appears to argue that he was never officially indicted for this charge, and focuses on his assertion that the charge was "terminated in [his] favor."  Additionally, Paul appears to allege that Melton relied on the proven false statement provided by co-defendant Dais in prosecuting Paul for possession of stolen goods and in preparing his affidavit for the arrest warrant, and that Melton knew Paul was innocent of the crime.

The issue before the court is not whether Paul committed the offense—it is whether Melton reasonably believed that Paul was in possession of stolen goods.  See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) ("For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required.").  Accordingly, Paul's argument that he is innocent of the crime does not establish that Melton lacked probable cause.  Rather, Paul must demonstrate that Melton's belief that a violation occurred was not only incorrect, but was objectively unreasonable.  Id. at 367-68.

In this case, the record unequivocally shows that the Defendant Melton had grounds to reasonably believe that Paul had committed the crimes alleged.  The police officers who responded to the scene on October 27, 2010 have provided affidavit testimony summarizing the information in their investigative report that was relied upon by Defendant Melton, specifically:  that law enforcement received a complaint about two individuals attempting to sell items and a description of the two individuals was provided; that the individuals were identified as Mack Paul and Harry Dais; that at the time of the stop, Paul had in his possession four bottle of hygiene products and two

brass pipes; that the individuals were detained and given their Miranda rights; that Dais advised law enforcement that Paul had stolen the items from Walmart and Lowes; and that review of the Walmart surveillance system revealed that the items were taken by Dais. (See McFadden Aff., ECF No. 31-1; Shirer Aff., ECF No. 31-3; Investigative Report, ECF No. 31-4 at 5-10.)  In his affidavit testimony in support of establishing probable cause for the arrest warrant, Melton stated that "[Paul] did have in his possession items that were identified as being stolen from Walmart through video surveillance. . . .  The items were taken by a codefendant."  (ECF No. 31-4 at 13.)

Paul has presented no evidence to refute the defendant's showing.  Accordingly, the court finds that Paul fails to forecast evidence to demonstrate that his arrest was made without probable cause.  (See generally Melton Aff., ECF No. 31-4) (attesting to the evidence discovered and information provided by the anonymous caller and police officers that formed the basis for his affidavit in support of the arrest warrant); (Arrest Warrant, ECF No. 31-4 at 13).

Moreover, notwithstanding the fact that the record reveals that Paul's charge was ultimately *nolle prossed*,[2] the defendant has provided affidavit testimony as well as court documentation establishing that Paul was, in fact, indicted on this charge. (See, e.g., Pierce Aff. ¶¶ 4-9, ECF No. 31-5 at 1-2; Melton Aff. ¶¶ 9-11, ECF No. 31-4 at 1-2; General Sessions Tracking Sheet, ECF No. 31-5 at 3; Sumter County Index Sheet, ECF No. 31-5 at 4.)  Paul's argument that no indictment was officially given because the defendant failed to submit a copy of the true billed indictment with the signature of the grand jury foreperson is unavailing.  The indictment for this charge further supports

---

[2] The defendant provides documentation and affidavit testimony and affidavit testimony that the *nolle prosequi* declaration was pursuant to a plea agreement on subsequent charges. (See Pierce Aff. ¶¶ 4-9, ECF No. 31-5 at 1-2; General Sessions Tracking Sheet, ECF No. 31-5 at 3.)  In his response in opposition to summary judgment, Paul appears to dispute that he entered into any plea agreement. (Pl.'s Resp. Opp'n Summ. J., ECF No. 44 at 4.)



summary judgment in favor of the defendant as there is no evidence that the defendant lied to or misled the prosecutor.  Cf. Massey, 759 F.3d at 357 ("Thus, while intervening acts of other participants in the criminal justice system, such as an exercise of prosecutorial discretion or the return of an indictment, generally insulate a police officer from liability, officers may be liable to a wrongfully indicted defendant when they have, e.g., lied to or misled the prosecutor.").

Accordingly, based on the record before the court and the totality of the circumstances, no reasonable jury could find that Paul's arrest was made without probable cause.

**C.     Fourteenth Amendment—Deliberate Indifference**

As stated above, Paul also appears to allege that Defendant Melton was deliberately indifferent to his health and safety during the time Paul was housed at the Sumter Lee Regional Detention Center with regard to physical and/or emotional injuries that Paul sustained.  In response to these allegations, Defendant Melton has provided affidavit testimony in which he states that the Sumter Lee Detention Center is operated by the County of Sumter and that he is not an employee of the County or of the Detention Center.  (Melton Aff. ¶ 18, ECF No. 31-4 at 2.)  Melton further avers that he has no involvement with the conditions of confinement at the Sumter Lee Detention Center and has no knowledge of any assault on Paul.  (Id.)

The law is clear that a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).  As Paul has failed to refute Defendant Melton's affidavit testimony that he had no involvement with Paul's conditions while confined at the Sumter Lee Detention Center, Defendant Melton is entitled to summary judgment on this claim.



**D.     Official Capacity Claims**

Official capacity suits against a municipal official are " 'treated as suits against the [municipality].' " Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469 (4th Cir. 2013) (alteration in original) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)).  A government entity and its officers sued in their official capacities can be held directly liable under § 1983 only when a "policy or custom [of the municipality] . . . inflicts the injury." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978) (holding "that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"); see also Vinnedge, 550 F.2d at 927-29.  Paul has not produced evidence that Defendant Melton violated his constitutional rights pursuant to a policy or custom of the City of Sumter's Police Department.  Accordingly, Defendant Melton is entitled to summary judgment as to any claims against him in his official capacity.

**E.     State Law Claims**

Paul also alleges state law claims against Defendant Melton.  The South Carolina Tort Claims Act is the exclusive remedy for individuals suing government employees acting within the scope of their employment.  See S.C. Code Ann. § 15-78-70(a); see also S.C. Code Ann. § 15-78-20(b) (partially waiving sovereign immunity and providing for "liability on the part of the State, its political subdivisions, and employees, while acting within the scope of official duty").[3]  However, in the Tort Claims Act, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state.  S.C. Code. Ann. § 15-78-

---

[3] The defendants correctly argue that any attempt by Paul to seek relief for an intentional infliction of emotional distress fails as a matter of law because such a claim is specifically excluded by the Tort Claims Act.  See S.C. Code Ann. § 15-78-30(f).



20(e); see also Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 n.9 (1984) (recognizing that a state must expressly consent to suit in a federal district court).  Therefore, Paul cannot bring a claim pursuant to the Tort Claims Act in federal court.  See DeCecco v. Univ. of South Carolina, 918 F. Supp. 2d 471, 498-99 (D.S.C. 2013).

**F.     Other Claims**

To the extent that Paul's Complaint may be construed to allege any other causes of action, the court finds that Paul has failed to plead sufficient facts to state a plausible claim.  See Iqbal, 556 U.S. 662.

**RECOMMENDATION**

Accordingly, the court recommends that the defendant's motion (ECF No. 31) be granted as to Paul's federal claims; any state law claim he attempts to assert should be dismissed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 18, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).